UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LARRY A. DALLAS, JR.,

    Petitioner,

v.                                          Case No. 5:05-cv-115-Oc-10GRJ

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.
_____

## ORDER DENYING PETITION

Petitioner filed this pro se case seeking habeas corpus relief under 28 U.S.C. § 2254 (Doc. 1). The Petition stems from Petitioner's 121-month probation violator sentence following his guilty plea conviction of lewd and lascivious battery on a child and unlawful sexual activity with a minor. Petitioner asserts two grounds for relief in the Petition: (1) that the trial court conducted an inadequate Faretta[1] hearing during the violation-of-probation hearing; and (2) that his probation violator plea was unknowing and involuntary. Upon due consideration of the Petition, the Response, the state court record, and Petitioner's reply, the Court concludes that the Petition must be denied.[2]

---

[1] Faretta v. California, 422 U.S. 806 (1975).

[2] Because the Court may resolve the other claims in the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted as to such claims. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

**Factual and Procedural Background**

On August 5, 2003, Petitioner was sentenced to four years' sex-offender probation for the underlying offenses. App. tab. B, D. In September 2003, Petitioner was charged with violating the terms of his probation by testing positive for controlled substances, failing to register his address, failing to abide by his curfew, and operating a motor vehicle alone. At his first appearance, Petitioner executed a written waiver of counsel. App. tab E.

On November 5, 2003, Petitioner admitted having violated the conditions of his probation. During the hearing, the trial court inquired whether Petitioner wanted the assistance of appointed counsel, and Petitioner replied that he did not. Id. tab J2. Petitioner advised the court that he had a tenth-grade education and had never been treated for any mental illness. Petitioner affirmed that he wanted to represent himself, and that no one had threatened him to say that. Petitioner denied that anyone had promised him any particular sentence if he admitted the violation or if he said he wanted to represent himself. Petitioner affirmed that he was making the choice to represent himself freely and voluntarily. Id. Petitioner agreed that he understood the allegations against him, and that he understood the sentencing range. Id.

Five days after the hearing, Petitioner filed a motion to withdraw his plea; the motion was denied as facially insufficient. Id. tabs V, W. On January 26, 2004, Petitioner moved to withdraw the plea and to enlarge the time to do so; the motion

was dismissed without prejudice to seeking postconviction relief. Id. tab J1, 15-20. That order was affirmed per curiam on appeal. Id. tab M.

Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 alleging one ground for relief: that the trial court conducted an inadequate hearing pursuant to Faretta. Id. tab O. Based upon a review of the record, the court concluded that the dictates of Faretta were satisfied. Id. tab P. The Fifth District Court of Appeal affirmed per curiam. Id. tab R. The instant Petition followed.

## Timeliness and Exhaustion

Respondent concedes that the Petition is timely and exhausted with respect to Petitioner's first claim, pertaining to the adequacy of the trial court's Faretta hearing. Respondent contends, however, the Petitioner's second claim, that his guilty plea was not knowing and voluntary, is unexhausted.

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[3] This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in

---

[3] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

federal court absent a showing of cause for and actual prejudice from the default."[4]  A petitioner's pro se status does not alone amount to good cause.[5]  A petition for writ of habeas corpus should not be entertained unless the Petitioner has first exhausted his state remedies.[6]

In his Reply to the Response, Petitioner asserts only that the Respondent did not include certain parts of the record with its response.  Doc. 12.  None of the documents referenced by Petitioner (waiver of counsel in original criminal case, criminal punishment scoresheet, clerk's commitment checklist) pertain to the issue whether his second claim in this case was exhausted.  Petitioner has failed to counter Respondent's exhaustion argument in any way.  Further, a review of the record reflects that Petitioner did not raise this claim in the state courts.  Accordingly, Petitioner's second claim is unexhausted and he is not entitled to federal habeas corpus relief.

Petitioner has also filed "supplemental authority," which in fact is a pleading seeking to assert a new claim regarding whether his due process rights were violated because his probation officer did not appear at his hearing.  Doc. 13.  Such claim is plainly unexhausted and untimely, and does not provide a basis for federal

---

[4] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) cert. denied, 513 U.S. 1061 (1994) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)).

[5] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir.) cert. denied, 498 U.S. 832 (1990).

[6] Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982).

habeas corpus relief.

## **Standard of Review**

As to Petitioner's remaining claim, the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. Williams v. Taylor, 529 U.S. 362, 403-04 (2000). A federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1). Moreover, each clause ("contrary to" and "unreasonable application") provides a separate basis for review. Williams, 529 U.S. at 405-410.

Further, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The AEDPA directs that only clear and convincing evidence will rebut the presumption of correctness afforded the factual findings of the state court. See § 2254(e)(1).

Before a court permits a criminal defendant to represent himself, the court must make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his decision is made with his eyes open." Faretta, 422 U.S. at 835.

The state trial court in reviewing Petitioner's postconviction motion applied

<u>Faretta</u> and concluded that Petitioner had validly waived his right to counsel at the probation violation hearing.  App. tab. P.  Petitioner argues that he was not fully informed of the consequences of representing himself, in particular that the court could impose a 121-month sentence.  Doc. 2.  However, the court inquired at the hearing whether Petitioner understood that he "score[d] in the prison – recommended prison range," and Petitioner responded affirmatively and also affirmed that he had not been promised a particular sentence.  App. tab J2.  Petitioner's written plea agreement in the underlying case, executed only three months before the probation violation hearing, reflects that Petitioner was advised of his maximum potential sentence (30 years), and Petitioner acknowledged that his criminal scoresheet had been fully explained to him.  <u>Id</u>. tab B.  The trial court's colloquy at the probation violation hearing, together with Petitioner's written plea agreement, supports the trial court's conclusion that Petitioner "chose to represent himself with his eyes open," and that his waiver of counsel was voluntary and intelligent and complied with the requirements of <u>Faretta</u>.

In sum,  Petitioner has not shown that the state court's rejection of this claim was an  unreasonable application of Federal law or an unreasonable determination of the facts.  <u>See</u>  28  U.S.C.  § 2254(d)(1) and (d)(2).  Accordingly, the Petition is **DENIED.**  The Clerk is directed to enter judgment denying the Petition and

dismissing this case with prejudice.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 15th day of September 2008.

_[signature]_
UNITED STATES DISTRICT JUDGE

c: Petitioner
   Counsel of Record